

# NUMBER 13-20-00550-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE HARRIS COUNTY APPRAISAL
REVIEW BOARD,                                                    Appellant,

v.

CYNGITA PROPERTIES INC,                                          Appellee.

On appeal from the 269th District Court
of Harris County, Texas.



# NUMBER 13-20-00551-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE HARRIS COUNTY APPRAISAL
REVIEW BOARD,                                                    Appellant,

v.

NAV PROPERTIES LLC,                                             Appellee.

### On appeal from the 269th District Court
### of Harris County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Silva
Memorandum Opinion by Chief Justice Contreras**

In these twin interlocutory appeals, appellant the Harris County Appraisal Review

Board (the Board) appeals from the denial of its pleas to the jurisdiction in two property

tax valuation disputes. Appellees Cyngita Properties Inc (Cyngita)[1] and NAV Properties LLC (NAV)[2] each filed tax valuation protests but did not appear at their scheduled hearings. Appellees sued the Board, and the Board filed pleas to the jurisdiction in both cases asserting that suit was barred by governmental immunity because appellees did not exhaust their administrative remedies. On November 18, 2020, the trial court denied the Board's pleas without stating its reasons. We reverse the trial court's judgments and render judgment dismissing the suits for lack of subject matter jurisdiction.[3]

## I. BACKGROUND

Cyngita and NAV protested the 2019 tax valuation of two separate properties in Houston which they respectively owned. Pursuant to Texas Tax Code § 41.45(a), the Board scheduled hearings on the protests. *See* TEX. TAX CODE ANN. § 41.45(a). The hearing for NAV was scheduled for July 12, 2019, and the hearing for Cyngita was scheduled for August 1, 2019. The Board sent notice to both parties regarding the date of the hearings and their opportunity to appear and offer evidence. Nevertheless, NAV and Cyngita failed to appear at their respective hearings.

NAV filed a "Request to Set Aside Hearing Dismissal" with the Board on July 18, 2019, stating in part: "David [illegible] was at HCAD all day on 7/12/19 doing hearings. I am not sure how this account accidentally overlooked [sic]. I am requesting the account be reopened for a value hearing as this was not the fault of the property owner." Cyngita filed a similar request on August 9, 2019, stating in part: "The agent was present for the

---

[1] Appellate cause number 13-20-00550-CV.

[2] Appellate cause number 13-20-00551-CV.

[3] These appeals were transferred from the First Court of Appeals in Houston pursuant to a docket-equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 74.001.

formal hearing. I am not sure how they missed this [illegible] account as it was on the same docket (see attached). I am sure it wasn't done intentionally. I am requesting the account be reopened for a value hearing."[4]

In July and August of 2019, the Board's chairman sent letters to both appellees denying their requests for a new hearing. Later, the Board also sent letters to each appellee stating:

> Our records indicate that you or your designated representative did not attend the hearing scheduled for the account shown above. In accordance with the provisions contained in the Texas Property Tax Code, the [Board] delivered a written notice electronically or by mail of the hearing informing you of the date, time and place of the hearing. The notice was addressed using the most current mailing address listed in the appraisal records.

> Accordingly, because no one appeared on your behalf for the scheduled hearing, your case was dismissed.

Appellees both asserted that they received the second letter from the Board on August 26, 2019. Appellees filed suit on October 31, 2019, seeking trial de novo on their tax protests and requesting an order compelling the Board to schedule new hearings under § 41.45(f) of the Texas Tax Code. *See id.* § 41.45(f). Appellees named both the Harris County Appraisal District (the District) and the Board as defendants.[5]

The Board filed pleas to the jurisdiction in each case, arguing that appellees failed to exhaust their administrative remedies because they did not appear at their scheduled hearings. The trial court denied the pleas on November 18, 2020, and these accelerated interlocutory appeals followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (authorizing immediate appeal from interlocutory order that "grants or denies a plea to the

---

[4] The requests, based on a form promulgated by the Board, were filled out by the same agent, who represented both appellees. Both appellees were represented by the same counsel in the trial court.

[5] The District is not a party to these appeals.

4

jurisdiction by a governmental unit").[6]

## II.    DISCUSSION

By a single issue in each appeal, the Board asserts the trial court erred in denying its jurisdictional pleas because: (1) the Board fulfilled its obligation under Texas Tax Code § 41.45(a) by scheduling hearings; (2) once the Board scheduled hearings, appellees' sole remedy was a trial de novo against the District, not the Board; and (3) appellees missed their sixty-day deadline to file suit against the District.

### A.    Standard of Review and Applicable Law

A plea to the jurisdiction is a dilatory plea seeking to defeat a plaintiff's claims, regardless of merit, by challenging the district court's jurisdiction to hear the subject matter of the dispute. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). We review a trial court's ruling on a plea to the jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133. S.W.3d 217, 226 (Tex. 2004). When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts affirmatively demonstrating the court's jurisdiction to hear the cause. *Id.* We construe the pleadings liberally and look to the pleader's intent. *Id.* A defendant may prevail on a plea to the jurisdiction by demonstrating that, even if all the plaintiff's pleaded allegations are true, an incurable jurisdictional defect remains on the face of the pleadings that deprives the trial court of subject matter jurisdiction. *Harris Cnty. Appraisal Dist. v. O'Connor & Assocs.*, 267 S.W.3d 413, 416 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

When a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the

---

[6] Neither appellee has filed a brief to assist us in the resolution of these appeals.

jurisdictional issues raised, even when the evidence implicates the merits of the cause of action. *Miranda*, 133. S.W.3d at 227; *Blue*, 34 S.W.3d at 555. In considering the evidence, we take as true all evidence favorable to the non-movant and indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Miranda*, 133 S.W.3d at 227–28.

Governmental immunity deprives a trial court of subject matter jurisdiction over any suit against a governmental entity unless that immunity has been expressly waived by the Legislature. *Univ. of Tex. Health Sci. Ctr. at Hous. v. Rios*, 542 S.W.3d 530, 532 n.4 (Tex. 2017); *see* TEX. GOV'T CODE ANN. § 311.034 ("Statutory prerequisites to a suit . . . are jurisdictional requirements in all suits against a governmental entity.").

## B. Jurisdiction Under Texas Tax Code § 41.45(f)

Generally, a party seeking judicial review of an administrative property tax ruling must file suit against the local appraisal district, not the appraisal review board. *See id.* § 42.21(b).[7] However, Texas Tax Code § 41.45(f) provides:

> A property owner who has been denied a hearing to which the property owner is entitled under this chapter may bring suit against the appraisal review board by filing a petition or application in district court to compel the board to provide the hearing. If the property owner is entitled to the hearing, the court shall order the hearing to be held and may award court costs and reasonable attorney fees to the property owner.

---

[7] Tax code § 42.21(b) states:

A petition for review brought under Section 42.02 [regarding appeals by a chief appraiser] must be brought against the owner of the property involved in the appeal. A petition for review brought under Section 42.031 [regarding appeals by a taxing unit] must be brought against the appraisal district and against the owner of the property involved in the appeal. A petition for review brought under Section 42.01(a)(2) [regarding the appeal of order by the comptroller apportioning railroad rolling stock among counties] or 42.03 must be brought against the comptroller. *Any other petition for review under this chapter must be brought against the appraisal district. A petition for review may not be brought against the appraisal review board.*

TEX. TAX CODE ANN. § 42.21(b) (emphasis added).

*Id.* § 41.45(f). In their pleadings and in their responses to the pleas to the jurisdiction, appellees relied on § 41.45(f) as the basis for the trial court's jurisdiction over their claims against the Board.

The Fourteenth Court of Appeals has recently addressed a similar case involving this statute. In *Fort Bend Central Appraisal District v. McGee Chapel Baptist Church*, a church protested the removal of its tax exemption as a religious organization. 611 S.W.3d 445 (Tex. App.—Houston [14th Dist.] 2020, no pet.). The Fort Bend Appraisal Review Board scheduled a hearing but dismissed the protest when the church failed to appear. *Id.* at 445. The church claimed it never received notice and filed suit against the Fort Bend Appraisal District and the Fort Bend Appraisal Review Board. *Id.* The appeals court held that § 41.45(f) waives the Board's immunity for a suit to compel the Board to provide the hearing required by § 41.45(a) if the Board denies the property owner a hearing. *Id.*; *see* TEX. TAX CODE ANN. § 41.45(f); *see also Pleasant Hill Cnty. Dev. Corp. v. Appraisal Review Bd. of Harris Cnty.*, No. 14-13-01101-CV, 2015 WL 2342588, at *4 (Tex. App.—Houston [14th Dist.] May 14, 2015, pet. denied) (mem. op.). Thus, had the Board refused to schedule a hearing on the church's protest, the church could have petitioned the trial court to compel the Board to conduct a hearing under § 41.45(f). *McGee Chapel*, 611 S.W.3d at 449. But because the Board scheduled a hearing on the protest, § 41.45(f) did not apply. *Id.*

Here, appellees argued in their response to the plea to the jurisdiction that *McGee Chapel* is distinguishable because the merits of the current protests under review are different—in particular, *McGee Chapel* concerned the Board's denial of a property tax exemption for religious organizations, *see* TEX. TAX CODE ANN. § 11.20, whereas the

7

instant cases concern denials of valuation protests. *See id.* § 41.41(a). We find this argument to be unpersuasive because both cases deal with the application of § 41.45(f) of the Texas Tax Code to protest hearings. Further, both the denial of an exemption and the determination of appraised value are listed in § 41.41(a) as actions that a property owner is entitled to protest before the Board, and both are reviewed using the same procedures as specified in § 42.21 of the Texas Tax Code. *See id.* § 41.41(a)(1), (a)(4); *see also id.* § 42.21. Here, hearings were scheduled for each protest, and appellees did not dispute that their agent received notice of the hearings; however, they failed to appear. As in *McGee Chapel*, because the Board did not deny appellees a hearing on their protests, § 41.45(f) does not waive immunity. *See McGee Chapel*, 611 S.W.3d at 449.

We note that appellees were not without recourse to compel the Board to schedule another hearing. Under § 41.45(e-1), however, appellees were required to file a written statement showing "good cause" for their failure to appear at the hearing within four days of the hearing date. TEX. TAX CODE ANN. § 41.45(e-1) (providing that a property owner who fails to appear at a protest hearing is entitled to a new hearing if the owner "files, not later than the fourth day after the date the hearing occurred, a written statement with the appraisal review board showing good cause for the failure to appear and requesting a new hearing"); *see id.* § 41.45(e-2) (defining "good cause" as "an error or mistake that: (1) was not intentional or the result of conscious indifference; and (2) will not cause undue delay or other injury to the person authorized to extend the deadline or grant a rescheduling"). The record shows that appellees failed to meet this deadline. Even assuming the written requests for a new hearing set forth "good cause" for the failure to appear, NAV did not file its request until six days after its scheduled hearing, and Cyngita

8

did not file its request until eight days after its scheduled hearing. Therefore, appellees may not rely on the § 41.45(f) waiver of immunity to bring suit against the Board. *See id.* § 41.45(e-1).

Because the § 41.45(f) waiver of immunity does not apply, and because appellees suggested no other basis for jurisdiction over their claims against the Board, the trial court erred in denying the Board's pleas to the jurisdiction. We sustain the Board's issue in each appeal.

## C.    Jurisdiction Over Claims Against District

The Board argues in its briefs that, not only does the trial court lack jurisdiction over the suits against it under § 41.45(f), but appellees "[are] not entitled to bring suit against <u>anyone</u> related to [their] 2019 taxes because [they] missed the 60-day deadline to file suit." The Board argues that, under Texas Tax Code § 42.21(a), appellees had until October 24, 2019, to file suit against the District if they wished to seek de novo review of their protests in district court. *See id.* § 42.21(a) ("A party who appeals as provided by this chapter must file a petition for review with the district court within 60 days after the party received notice that a final order has been entered from which an appeal may be had or at any time after the hearing but before the 60-day deadline."). It claims that, because appellees' suits were not filed until October 31, 2019, the trial court lacked jurisdiction over the claims made by appellees against the District.

The District did not file a plea to the jurisdiction in either underlying case. Ordinarily, we review issues of subject matter jurisdiction sua sponte, even if not preserved in the trial court. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam). But here, the judgments on appeal did not concern the claims against the District, and the

9

District was not a party to those judgments. The District did not join in the Board's notices of appeal and it is not a party to this appeal. We therefore lack jurisdiction to provide any relief to the District. *See* TEX. R. APP. P. 25.1(b) ("The filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from."); *see also* TEX. R. APP. P. 25.1(c) ("The appellate court may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause."); *McAllen Med Ctr., Inc. v. Cortez*, 66 S.W.3d 227, 232 (Tex. 2001) ("Texas courts have no authority to render advisory opinions."). We deny the Board's request for a ruling that the trial court lacked jurisdiction over the claims against the District.

## III. CONCLUSION

The trial court's judgments are reversed, and we render judgment granting the Board's pleas to the jurisdiction and dismissing appellees' claims against the Board.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
29th day of July, 2021.